

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 10, 1965

Mr. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

No. C- 437

Re: Under the stated
facts, what is the
present limitation
in a Junior College
District on the a-
mount of tax which
may be levied for
all purposes?

Dear Mr. Edgar:

In your letter of April 15, 1965, you have requested
that the Attorney General answer the following question:

"In light of Art. 2815h-3b, Sec. 2 and the
stated phrasing of the voted propositions, may
the Junior College District in question annually
levy: (1) for maintenance of its schools--30¢
on the $100 valuations; and in addition, (2) for
the servicing of bonds--not to exceed 50¢ on the
$100 valuation?"

The facts giving rise to the query, as reflected in
your request, are that in February 1962 there were submitted
to the qualified voters of Hillsboro Junior College District
of Hill and Navarro Counties, Texas, two propositions, pur-
suant to the provisions of Article 2815h-3b, Vernon's Civil
Statutes, both of which carried in the election.

These two propositions were as follows:

"PROPOSITION NUMBER 1

"SHALL the Board of Trustees of HILLSBORO JUNIOR
COLLEGE DISTRICT OF HILL AND NAVARRO COUNTIES, TEXAS,
have the power to levy and collect an annual ad volorem

-2078-

tax not to exceed THIRTY CENTS (30¢) on the one
hundred dollars' valuation of taxable property
within the District for the maintenance of schools
therein, until the same shall be discontinued as
provided by law?"

### "PROPOSITION NUMBER 2

"SHALL the Board of Trustees of HILLSBORO JUNIOR
COLLEGE DISTRICT OF HILL AND NAVARRO COUNTIES, TEXAS,
be authorized to issue the bonds of said District,
to the amount of FOUR HUNDRED FIFTY THOUSAND DOLLARS
($450,000.00), to become due and payable serially
as follows:

" . . . (The specific maturity schedule was
set forth) . . . .

" . . . and shall there be annually levied and
collected on all taxable property in said District
for the current year and annually thereafter while
said bonds or any of them are outstanding, a tax
sufficient to pay the current interest on said
bonds and the principal thereof as the same becomes
due?"[1]

With this in mind, then we turn to the real questions
involved here:  (1) whether the maintenance tax and the bond
tax provided for by Article 2815h-3b are to be voted separate-
ly and independently of each, or (2) whether the amount voted
for maintenance limits the total taxing power of the district
for both maintenance and bond purposes, so that any bond tax
voted will decrease the amount available for maintenance.

This office has written various opinions, the latest of
which is Opinion V-364 (1947), to which you refer in your
letter, on essentially this same question with regard to

_____

[1]  An identical proposition was held to authorize whatever
tax rate was necessary, up to the legal maximum. Wilkerson
v. Otto, 289 S.W.2d 411 (Tex.Civ.App. 1956)

common and independent school districts and concluded, based
on the specific language of the statutes applicable thereto,
that the second of the above interpretations was correct, i.e.,
that the amount of the maintenance tax voted limited the total
taxing power of the district for both maintenance and bond
purposes. However, the above mentioned opinion, and the others
which reached similar conclusions, involved the interpretation
of statutes other than Article 2815h-3b.

The Supreme Court of Texas has construed Article 2815h-
3b in the case of San Antonio Union Junior College District
v. Daniel, 146 Tex. 241, 206 S.W.2d 995 (1956). The Court
held that Article 2815h-3b is complete within itself. There-
fore, that article is exclusive as to matters regarding which
its own provisions are clear, explicit and self-sufficient.

Here we are concerned with the specific language used
in Article 2815h-3b. In this regard, a portion of Section 1
and all of Section 2a are pertinent and read as follows:

"Section 1. From and after the passage of this
Act, the governing boards of all public Junior
Colleges organized, created and established under
the laws of Texas, in any manner, shall have power
to issue bonds for the construction and equipment
of school buildings and the acquisition of sites
therefor, and to provide for the interest and
sinking fund for such bonds by levying of such
taxes as will be necessary in this connection,
subject to the limitations hereinafter imposed.
Such governing boards shall also have power to levy
and collect taxes for the support and maintenance
of such Junior Colleges, provided that no bonds
shall be issued and no taxes collected until
authorized by vote of the majority of the qualified
voters of the Junior College District in which
such Junior College is located, at an election
called for that purpose in accordance with the pro-
visions of the General Law providing for similar
elections in Independent School Districts. The
election for the issuance of such bonds; for the
levying of such tax or taxes,shall be ordered by
such governing board upon petition signed by two
hundred and fifty(250), or a majority, of the

qualified property taxpaying voters residing in such district, praying for the issuance of such bonds and/or the levying of such tax or taxes. . . ."

(Emphasis added.)

" * * *

"Sec. 2a. The Governing Board of Junior Colleges, in addition to the levying and collecting of the annual ad valorem tax not to exceed One Dollar ($1) on the One Hundred Dollars ($100) valuation of taxable property within the district for the maintenance of schools therein, shall have the power to levy a tax not to exceed Fifty cents (50¢) on the One Hundred Dollars ($100) valuation of taxable property within the district for the construction and equipment of school buildings and the acquisition of sites therefor within the limits of the district, when authorized by an election as aforesaid; provided, however, that the amount of maintenance tax together with the amount of bond tax of the district shall never exceed One Dollar($1) on the One Hundred Dollars ($100) valuation of taxable property." (Emphasis added)

In view of the above language, it is our opinion that the Legislature in enacting Art. 2815h-3b clearly contemplated that under its provisions, junior college districts can (1) vote a maintenance tax in any amount up to a maximum of $1.00 per $100.00 valuation; (2) that they can separately vote bonds and the taxes necessary for servicing them, not to exceed a maximum of 50¢ per $100.00 valuation; and (3) that the amount of maintenance tax together with the amount of bond tax of the district shall never exceed One Dollar ($1) on the Hundred Dollars ($100) valuation of taxable property.

Accordingly, our answer to your specific question is in the affirmative; Hillsboro Junior College District of Hill and Navarro Counties can, under the phrasing of the voted propositions, annually levy (1) for maintenance of its

schools a tax of 30¢ per $100.00 valuation on taxable property; and in addition (2) for the servicing of bonds, taxes not to exceed 50¢ per $100.00 valuation of taxable property.

## S U M M A R Y

In light of Article 2815h-3b and the stated phrasing of the voted propositions, the junior college district in question may annually levy: (1) for maintenance of its schools - 30¢ per $100.00 valuation of taxable property; and in addition (2) for the servicing of bonds - not to exceed 50¢ on the $100.00 valuation of taxable property.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

James M. Strock
Assistant Attorney General

JMS:nh

APPROVED BY:
OPINION COMMITTEE

W. V. Geppert, Chairman

Paul Phy
Brandon Bickett
Linward Shivers
Malcolm Quick

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone